# Exhibit D



Angela Sujek
Office: 734.418.4212
asujek@honigman.com

September 13, 2021

*Via email: ccampbell@duanemorris.com*

Christiane Schuman Campbell, Esq.
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

Dear Ms. Campbell:

    As you know, we represent BL Rankings, LLC, dba Best Lawyers, in trademark matters. We are in receipt of your July 26, 2021 response to our July 12, 2021 letter to your client regarding its unlawful use of the BEST LAWYERS trademark and are authorized to reply as follows:

    First, we strongly disagree with your assessment that Best Lawyers' rights in its BEST LAWYERS trademark are "narrow." As you appear to acknowledge, and as set forth in our previous correspondence to your client, Best Lawyers owns numerous trademark registrations for the BEST LAWYERS trademark, including U.S. Reg. Nos. 2,781,013; 3,899,241; and 4,023,150. Through these trademark registrations and its longstanding use of the BEST LAWYERS trademark, Best Lawyers owns valid, subsisting, exclusive and incontestable rights to use the BEST LAWYERS trademark in connection with its services in the United States. The Supreme Court has held that the owner of a registered mark, such as Best Lawyers, may rely on incontestability to enjoin infringement such as your client's, and that an incontestable registration cannot be challenged on the basis that the mark it covers is descriptive. *See Park 'N Fly v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 224 USPQ 327 (1985). Further, and as you do not appear to dispute, the BEST LAWYERS trademark is widely known and respected within the legal industry and the relevant consuming public as an exclusive identifier for Best Lawyers and its incomparable legal referrals and related goods and services. Your client acknowledged as much when it explicitly recognized Best Lawyer's predecessor-in-interest's "ownership, goodwill and superior rights" in the BEST LAWYERS mark in the settlement agreement between your client and Best Lawyers' predecessor. As such, there can be no dispute at this juncture that Best Lawyers' BEST LAWYERS mark is strong and enjoys a wide ambit of protection.

    Second, we strongly dispute that your client's use of the BEST LAWYERS trademark is fair and descriptive. The fair use defense is reserved for good faith, non-trademark uses of words to describe attributes of an entity's goods or services. *See* Lanham Act § 33(b)(4), 15 U.S.C.A. § 1115(b)(4). Your client is not using the BEST LAWYERS trademark in this manner. Instead, your client is using the BEST LAWYERS trademark repeatedly in bold typeface, set off from

# HONIGMAN

Christiane Schuman Campbell, Esq.
September 13, 2021
Page 2

other text, as a header for a section of its magazine, in connection with its database, as part of a logo, and as a heading in search engine results, as shown in the following examples:



# HONIGMAN

Christiane Schuman Campbell, Esq.
September 13, 2021
Page 3





![HONIGMAN]

Christiane Schuman Campbell, Esq.
September 13, 2021
Page 4



These uses demonstrate a calculated effort by your client to use BEST LAWYERS as an attention-getting symbol, and likely an effort to trade off the extensive goodwill that Best Lawyers has built up over the years in its BEST LAWYERS mark.  Courts have held that such uses are not "fair," but instead are infringing, unlawful uses. *See e.g., Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 24 U.S.P.Q.2d 1001, 1007 (7th Cir. 1992) (finding that use of the THIRST AID mark not in a sentence describing defendant's GATORADE sports drink, but as an attention-getting symbol in advertising was evidence of trademark use which disqualifies defendant from the fair use defense); *Breuer Elec. Mfg. Co. v. Hoover Co.*, 48 U.S.P.Q.2d 1705, 1998 WL 427595 (N.D. Ill. 1998) (finding that use of a tornado logo on a vacuum cleaner was not "fair" because it was used as an attention getting symbol and "it seem[ed] likely that consumers will associate the tornado graphic with [defendant].").  This infringement is directly harming Best Lawyers.  As we previously notified you, confusion between Best Lawyers and its BEST LAWYERS mark on the one hand, and your client and its unlawful use of that mark on the other hand is already occurring, as illustrated by a law firm's (apparently mistaken) purchase and placement of an advertisement touting our client's services on your client's "BEST LAWYERS" page.  *See* example above.

**HONIGMAN**

Christiane Schuman Campbell, Esq.
September 13, 2021
Page 5

      Third, to the extent you suggest that the settlement agreement between your client and Best Lawyers' predecessor contemplates your client's use of the BEST LAWYERS mark, that argument rings hollow. In the settlement agreement, your client explicitly agreed, *inter alia*, to abandon its trademark application for "WASHINGTON'S BEST LAWYERS;" to never "adopt, use or register any mark which includes the terms "BEST" and "LAWYERS;" and to "discontinue all use of the mark WASHINGTON'S BEST LAWYERS, as well as any mark confusingly similar to" the BEST LAWYERS mark. Nowhere does the settlement agreement indicate that your client may use the BEST LAWYERS mark in any manner at all, let alone in the infringing manner in which it is currently using it. In fact, your client's current use of the BEST LAWYERS mark notwithstanding its explicit agreement not to use it in the settlement agreement further demonstrates your client's lack of good faith. *See Institute for Scientific Information, Inc. v. Gordon & Breach, Science Publishers, Inc.,* 931 F.2d 1002, 18 U.S.P.Q.2d 1527 (3d Cir. 1991) (indicating that an inference of a lack of the good faith necessary to establish fair use may be drawn from a defendant's breach of an agreement not to use the disputed mark). Obviously, your client's renewed use of a mark after explicitly agreeing not to use it does not constitute fair use.

      Although Best Lawyers vigorously disagrees with the positions set forth in your July 26, 2021 letter, Best Lawyers still would prefer to settle this matter in an amicable manner. Accordingly, we demand that you provide us with written assurances that you will cease and desist all use of the "BEST LAWYERS" mark and agree to refrain from any other activities that are likely to cause confusion between the parties. As we understand that your client at one time used the designation "Top Lawyers" to refer to its legal referral services and directory, this change should be easy and not unduly burden your client.

      We look forward to your response on or before September 10, 2021. Nothing in this letter is intended to waive any rights, remedies, claims, causes of action or defenses of Best Lawyers, all of which are expressly reserved.

      Very truly yours,

      HONIGMAN LLP

      */Angela Sujek/*

      Angela Sujek

c:    Mary Hyde