## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BL RANKINGS, LLC<br>801 Broad Street, Suite 950<br>Augusta, Georgia 30901,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTONIAN MEDIA, INC.<br>1828 L Street NW, Suite 200<br>Washington, DC 20036,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No. 22-cv-00862<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

Plaintiff BL Rankings, LLC d/b/a Best Lawyers ("Best Lawyers" or "Plaintiff"), through its attorneys Honigman LLP, for its Complaint against Defendant Washingtonian Media, Inc., ("Washingtonian" or "Defendant"), states as follows:

## NATURE OF THE CASE

1. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1501, *et seq.*, as well as related common law claims, in which Best Lawyers is seeking injunctive relief and monetary damages for Washingtonian's willful infringement of Best Lawyers' valuable trademarks.  Specifically, Washingtonian is infringing Best Lawyers' rights in its registered BEST LAWYERS trademarks by using those trademarks to mislead consumers into believing there exists some affiliation, sponsorship, or connection between Best Lawyers and Washingtonian when there is none, and by deliberately trading off of the extensive goodwill that Best Lawyers has developed in its BEST LAWYERS marks.

**PARTIES, JURISDICTION AND VENUE**

2. BL Rankings, LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 801 Broad Street, Suite 950, Augusta, Georgia 30901. Best Lawyers provides a variety of lawyer referral-related products and services, including lawyer referral services, directories of lawyers, and publications and awards in the field of law.

3. Washingtonian is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 1828 L Street NW, Suite 200, Washington, DC 20036.

4. On information and belief, Washingtonian is in the business of providing a magazine publication with various features, including lawyer referral services, directories of lawyers, and articles and awards in the field of law.

5. Personal jurisdiction over Washingtonian is appropriate because Washingtonian maintains its principal place of business in this District and regularly engages in substantial and systematic commercial activities with individuals and entities located in this District.

6. The Court has subject matter jurisdiction over this civil action pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 1338 in that this case arises under the Lanham Act (15 U.S.C. § 1051, *et seq.*), as well as 28 U.S.C. § 1367, and pursuant to the common law of the District of Columbia.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)–(d).

**BACKGROUND**

*Plaintiff's BEST LAWYERS Marks*

8. Since at least as early as 1983, Best Lawyers, by itself and through its predecessors in interest, has provided a variety of lawyer referral-related products and services under its BEST

LAWYERS trademarks. Best Lawyers offers products and services under its BEST LAWYERS trademarks throughout the United States and the world.

9. For four decades, Best Lawyers' BEST LAWYERS publications have earned the respect of the profession, the media, and the public as the most reliable, unbiased source of legal referrals anywhere. Put simply, Best Lawyers BEST LAWYERS brand publication is the oldest and most respected peer review publication in the legal profession.

10. Best Lawyers' lists of outstanding lawyers are compiled by conducting exhaustive peer review surveys in which tens of thousands of leading lawyers confidentially evaluate their professional peers. If the votes for a lawyer are positive enough for recognition in Best Lawyers, that lawyer must maintain those votes in subsequent polls to remain in each edition. Lawyers are not permitted to pay any fee to participate in or be recognized by Best Lawyers.

11. Best Lawyers' peer-reviewed listings are now published in almost 75 countries around the world. The 28th edition of THE BEST LAWYERS IN AMERICA® (2022) publication includes more than 66,000 lawyers in 147 practice areas, covering all 50 states and the District of Columbia. Inclusion in this year's publication is based on 10.8 million detailed evaluations of lawyers by other lawyers.

12. Because of Best Lawyers' known credibility, its lists reach a broader and more important audience than any other legal guide, boasting more than 17 million readers in city, regional, and national publications across the globe. In connection with providing its BEST LAWYERS products and services, Best Lawyers partners with a number of major publications in the United States, including *The New York Times*, *The Wall Street Journal*, *The Los Angeles Times*, *The Washington Post*, and *The Chicago Tribune*, and throughout the world, including *Les Echos*

in France, the *Australian Financial Review*, *Business Day* in South Africa and *Handelsblatt* in Germany.

13. In 2009, Best Lawyers partnered with *U.S. News & World Report*, a leading rankings publication, to produce the first annual "Best Law Firms." Now in its 11th edition (2021), "Best Law Firms" uses quantitative data and client surveys to rank 14,643 law firms, resulting in the most comprehensive guide to legal representation in the United States.

14. Over the past four decades, Best Lawyers and its BEST LAWYERS products and services have endured as the definitive resources for top legal talent based on Best Lawyers' transparent, peer review methodology.

15. In addition to its widespread and longstanding use, Best Lawyers owns the following United States Trademark Registrations for its BEST LAWYERS trademarks:

| Reg. No. | Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|---|
| 2,781,013 | BEST LAWYERS | 2,781,013 | 11/11/2003 | 035 - Lawyer referral services |
| 3,899,241 | BEST LAWYERS | 3,899,241 | 1/4/2011 | 009 - Downloadable electronic publications in the nature of articles in the field of law

020 - Recognition plaques made of wood and plastic

035 - Compilation and systemization of information into computer databases; expert witness referral services for legal matters

041 - Recognition and incentives by way of awards to demonstrate excellence in the field of law

045 - Online information in the field of |

4

|  |  |  |  | law provided online from databases or the Internet |
|---|---|---|---|---|
| 4,023,150 | BEST LAWYERS | 4,023,150 | 9/6/2011 | 016 - Printed publications in the nature of directories in the field of law |
| 1,916,381 | THE BEST LAWYERS IN AMERICA | 1,916,381 | 9/5/1995 | 016 - Series of printed directories of lawyers |
| 1,922,393 | THE BEST LAWYERS IN AMERICA | 1,922,393 | 9/26/1995 | 035 - Referral service for those wanting the name of a lawyer for a particular expertise or geographical area |

(hereinafter, the "BEST LAWYERS Marks"). Copies of the foregoing U.S. Trademark Registrations are attached hereto as **Exhibit A** and incorporated herein by reference.

16.   Best Lawyers has spent significant time, effort, and resources establishing its BEST LAWYERS Marks in the minds of its customers and the public via advertisements and promotions—including through online advertising and promotion accessible in this District and throughout the United States and the world—as representative of Best Lawyers' incomparable peer review publications and lawyer referral-related products and services.

17.   Best Lawyers has generated millions of dollars in revenue from the sale of products and services under its BEST LAWYERS Marks.

18.   As a result of Best Lawyers' continuous use, extensive sales, advertising, and promotion of products and services used in connection with its BEST LAWYERS Marks, the BEST LAWYERS Marks enjoy widespread recognition and an excellent reputation, and are

5

recognized by the public as emanating exclusively from Best Lawyers and representative of Best Lawyers' high quality products and services.

20. As a result of Best Lawyers' efforts and commercial success in advertising, marketing and promoting products and services under its BEST LAWYERS Marks, Best Lawyers has generated substantial and valuable goodwill in its BEST LAWYERS Marks, and the BEST LAWYERS Marks have become intangible assets of substantial commercial value to Best Lawyers.

*Washingtonian's Infringing Use Of The BEST LAWYERS Marks*

20. In or around July 2021, Best Lawyers became aware that Washingtonian is using the trademark BEST LAWYERS in connection with a lawyer directory and lawyer referral services.

21. Examples showing Washingtonian's prominent use of the mark BEST LAWYERS on its website in connection with its lawyer directory and lawyer referral services are shown below:





7

22. An example of Washingtonian's use of Best Lawyers' BEST LAWYERS Marks as a heading in search engine results is shown below:



23. At one time, Washingtonian also used Best Lawyers' BEST LAWYERS trademark as part of a logo in its publications:



24. Washingtonian is using the BEST LAWYERS Marks in a manner that directly competes with Best Lawyers in that it uses the BEST LAWYERS Marks with lawyer referral services and a lawyer directory advertised, offered and/or sold to the same or similar sectors of the public or classes of customers as Best Lawyers.

25. Best Lawyers has not licensed or otherwise authorized Washingtonian to use its longstanding and well-established BEST LAWYERS Marks in any manner whatsoever.

26. Upon information and belief, Washingtonian knew of Best Lawyers' prior use of the BEST LAWYERS Marks, was and is well aware of the goodwill, tremendous prestige, and market value of Best Lawyers' BEST LAWYERS Marks, and intentionally chose to use the BEST LAWYERS Marks to suggest an affiliation between Washingtonian and its goods and services on the one hand and Best Lawyers and its goods and services on the other or to confuse customers about the source of the parties' respective goods.

27. Through its unauthorized and infringing uses of the BEST LAWYERS Marks, Washingtonian is deliberately and improperly capitalizing upon the goodwill that Best Lawyers has built up in its BEST LAWYERS Marks.

28. Washingtonian's unauthorized, unlawful and intentional use of the BEST LAWYERS Marks has caused, and will continue to cause, a likelihood of confusion among consumers and potential customers and the public as to the source or origin of Washingtonian's products and the sponsorship or endorsement of those goods and services by Best Lawyers.

29. Upon information and belief, attorneys and law firms have already placed advertisements with Washingtonian to appear in its "BEST LAWYERS" feature under the mistaken belief that they are placing such advertisements with Best Lawyers or that there is a connection, affiliation or sponsorship relationship between Best Lawyers and Washingtonian when there is none.

30. As a direct and proximate result of Washingtonian's unauthorized conduct, Best Lawyers has been and will be damaged by confusion among consumers and potential consumers as to Best Lawyers' association or connection with, or endorsement or authorization of, Washingtonian and Best Lawyers' products and services, at least in part in ways that cannot be adequately measured or fully remedied by monetary damages.

31. As a result of Washingtonian's intentional misappropriation of the BEST LAWYERS Marks, Washingtonian has caused, and will continue to cause, irreparable injury to Best Lawyers and has substantially damaged the value of Best Lawyers' BEST LAWYERS Marks.

32. Washingtonian has unjustly enriched itself at Best Lawyers' expense by advertising and selling products and services in connection with the BEST LAWYERS Marks in a manner that appropriates and exploits Best Lawyers' goodwill and reputation. Among the benefits that

Washingtonian has gained from its conduct are increased revenues from the sale of products and services featuring the infringing uses of the BEST LAWYERS Marks.

33. On July 12, 2021, Best Lawyers sent a letter to Washingtonian demanding that it cease and desist its infringing use of the BEST LAWYERS Marks. A true and correct copy of Best Lawyers' July 12, 2021 letter to Washingtonian is attached hereto as **Exhibit B** and incorporated herein by reference.

34. Washingtonian responded to Best Lawyers' cease and desist demand by letter dated July 26, 2021. In its July 26, 2021 response, Washingtonian denied infringement and did not agree to comply with Best Lawyers' demands. A true and correct copy of Washingtonian's July 26, 2021 response letter is attached here as **Exhibit C** and incorporated herein by reference.

35. Best Lawyers responded to Washingtonian's July 26, 2021 letter by letter dated September 13, 2021. In its September 13, 2021 letter, Best Lawyers provided further explanation for its position that Washingtonian's use of the BEST LAWYERS Marks infringes Best Lawyers' rights and reiterated its demands to Washingtonian. A true and correct copy of Washingtonian's September 13, 2021 response letter is attached here as **Exhibit D** and incorporated herein by reference.

36. Washingtonian did not respond to Best Lawyers' September 13, 2021 letter.

37. Best Lawyers sent a follow up letter dated January 31, 2022 to Washingtonian reiterating its demands. A true and correct copy of Best Lawyers' January 31, 2022 letter is attached here as **Exhibit E** and incorporated herein by reference.

38. On February 8, 2022, counsel for Washingtonian sent an email to counsel for Best Lawyers providing assurances that it would not use Best Lawyers' BEST LAWYERS Marks or otherwise engage in any activity that would cause confusion between the parties. A true and

11

correct copy of Washingtonian's February 8, 2022 email is attached here as **Exhibit F** and incorporated herein by reference.

39. Upon investigation, Best Lawyers discovered that Washingtonian's infringing uses of Best Lawyers' BEST LAWYERS Marks remained on Washingtonian's website and the internet.

40. As of the date of this Complaint, Washingtonian's website and other internet marketing materials still display infringing uses of Best Lawyers' BEST LAWYERS Marks. Examples displaying these infringing uses are attached hereto as **Exhibit G** and incorporated herein by reference.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

41. Best Lawyers realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

42. Best Lawyers owns valid and enforceable rights in the BEST LAWYERS Marks in connection with the goods and services it offers and sells in connection therewith by virtue of its extensive use, promotion, and advertisement of the marks, as well as its federally registered trademarks, and has possessed such rights at all times material hereto.

43. Washingtonian has knowingly used and continues to use in commerce the BEST LAWYERS Marks in connection with the lawyer referral services, lawyer directories, and related products and services that Washingtonian advertises, promotes, distributes, and sells.

44. Washingtonian knowingly adopted and has used and is using the BEST LAWYERS Marks with full knowledge of Best Lawyers' longstanding and extensive prior use of the BEST LAWYERS Marks and its valid and enforceable rights therein.

45. Washingtonian has actual and constructive notice of Best Lawyers' federal trademark rights.

46. Washingtonian has no right or authority to use the BEST LAWYERS Marks in connection with the offer, sale, or distribution of any products or services.

47. Nevertheless, Washingtonian has offered and sold, and continues to offer and sell its lawyer referral services and related products and services in connection with the BEST LAWYERS Marks in interstate commerce, despite demands from Best Lawyers to cease and desist such activity.

48. Washingtonian has engaged in its unauthorized use of the BEST LAWYERS Marks and offered and sold its infringing products and services in the same marketing channels and to the same customer base as Best Lawyers.

49. Washingtonian's unlawful and intentional use of the BEST LAWYERS Marks without the authorization of Best Lawyers has caused, and will continue to cause, a likelihood of confusion among consumers and potential consumers as to the source or origin of Washingtonian's products and the sponsorship or endorsement of those goods and services by Best Lawyers.

50. Washingtonian's actions constitute willful infringement of the BEST LAWYERS Marks under 15 U.S.C. §1114.

51. As a direct and proximate result of Washingtonian's willful misconduct, Best Lawyers has suffered irreparable harm to the value and goodwill associated with the BEST LAWYERS Marks and its reputation in the industry.

52. Unless Washingtonian is restrained from further infringement of the BEST LAWYERS Marks, Best Lawyers will continue to be irreparably harmed.

53. Best Lawyers has no adequate remedy at law that will compensate it for the continued, irreparable harm that it will suffer if Washingtonian's willful misconduct is allowed to continue.

54. As a direct and proximate result of Washingtonian's willful misconduct, Best Lawyers has suffered damages to the valuable BEST LAWYERS Marks and other damages in an amount to be proved at trial.

### COUNT II
### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

55. Best Lawyers owns valid and enforceable rights in the BEST LAWYERS Marks in connection with the goods and services it offers and sells in connection therewith by virtue of its extensive use, promotion, and advertisement of the marks, as well as its federally registered trademarks, and has possessed such rights at all times material hereto.

56. Washingtonian has knowingly and intentionally used and continues to use in commerce the BEST LAWYERS Marks in connection with the lawyer referral services and related goods and services that Washingtonian advertises, promotes, distributes, and sells.

57. Washingtonian's use of the BEST LAWYERS Marks in connection with Washingtonian's sale of products and services that are the same as or highly similar to Best Lawyers' BEST LAWYERS products and services constitutes a false designation of origin, a false description and representation of Washingtonian's goods and services, and false representations that Washingtonian's goods and services are sponsored, endorsed, licensed, or authorized by, or otherwise affiliated or connected with, Best Lawyers.

58. Washingtonian's use of the BEST LAWYERS Marks in connection with Washingtonian's sale of products and services that are the same as or highly similar to Best

Lawyers' BEST LAWYERS products and services infringes Best Lawyers' exclusive rights in the BEST LAWYERS Marks, is likely to cause confusion, mistake, or deception, and constitutes unfair competition, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

59. Washingtonian has used and is using the BEST LAWYERS Marks with full knowledge of Best Lawyers' longstanding and extensive prior use of the BEST LAWYERS Marks.

60. Washingtonian knowingly and intentionally adopted and has used and is using the BEST LAWYERS Marks with full knowledge of Best Lawyers' longstanding and extensive prior use of the BEST LAWYERS Marks.

61. Washingtonian's use of the BEST LAWYERS Marks is likely to confuse, mislead, and/or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Washingtonian and Best Lawyers, and/or Washingtonian's goods and services on the one hand and Best Lawyers' goods and services on the other, and is likely to cause such people to believe in error that Washingtonian's goods have been authorized, sponsored, approved, endorsed, or licensed by Best Lawyers or that Washingtonian is in some way affiliated with Best Lawyers.

62. Washingtonian's actions constitute false and misleading descriptions of fact and false designations of the origin and/or sponsorship of Washingtonian's goods and services, and are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63. Washingtonian's actions described herein were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

64. As a direct and proximate result of Washingtonian's conduct, Best Lawyers has suffered damage to the valuable BEST LAWYERS Marks, as well as harm to Best Lawyers' valuable goodwill and reputation.

65. Washingtonian's conduct described herein will continue to damage Best Lawyers and confuse the public unless enjoined by this Court.

66. An award of money damages alone cannot fully compensate Best Lawyers for its injuries, and Best Lawyers has no adequate remedy at law.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

67. Best Lawyers realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

68. Washingtonian was aware of Best Lawyers' prior use of the BEST LAWYERS Marks, and used the BEST LAWYERS Marks in disregard of Best Lawyers' rights.

69. Washingtonian's actions have resulted in the misappropriation of, and trading upon, Best Lawyers' valuable goodwill and business reputation at Best Lawyers' expense and at no expense to Washingtonian. The effect of Washingtonian's misappropriation of the goodwill symbolized by the BEST LAWYERS Marks is likely to unjustly enrich Washingtonian, damage Best Lawyers, and confuse and/or deceive the public.

70. Washingtonian's actions constitute unfair competition with Best Lawyers, which has caused and will continue to cause irreparable injury to Best Lawyers' goodwill and reputation unless enjoined.

71. An award of money damages alone cannot fully compensate Best Lawyers for its injuries, and Best Lawyers has no adequate remedy at law.

## COUNT IV
## UNJUST ENRICHMENT

72. Best Lawyers realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

73. By misappropriating Best Lawyers' valuable goodwill and reputation through the improper use of the BEST LAWYERS Marks, Washingtonian has been unjustly enriched to the material detriment of Best Lawyers.

74. Washingtonian is realizing profit and will continue to realize a profit from its improper use of the BEST LAWYERS Marks.

75. Washingtonian's actions have directly and proximately caused irreparable harm to Best Lawyers and its valuable goodwill and reputation, and will continue to harm Best Lawyers unless enjoined.

76. An award of money damages alone cannot fully compensate Best Lawyers for its injuries, and Best Lawyers has no adequate remedy at law.

77. Best Lawyers is entitled to compensatory damages in the form of restitution and such other and further relief as the Court deems equitable and just.

## PRAYER FOR RELIEF

WHEREFORE, Best Lawyers respectfully requests and prays that the Court:

A. Enter judgment in Best Lawyers' favor and against Washingtonian on all counts of the Complaint;

B. Determine that Washingtonian willfully violated the Lanham Act, that Best Lawyers has been damaged by such violations, and that Washingtonian is liable to Best Lawyers for such violations;

C. Determine that Washingtonian committed common law trademark infringement, that Best Lawyers has been damaged by such infringement, and that Washingtonian is liable to Best Lawyers for common law trademark infringement;

D. Determine that this case is "exceptional" within the meaning of 15 U.S.C. § 1117(a);

E. Under all claims for relief, issue a permanent injunction enjoining Washingtonian and its officers, employees, agents, successors and assigns, and all those in active concert and participation with Washingtonian, and each of them who receives notice directly or otherwise of such injunctions:

    1. from using in any manner the BEST LAWYERS Marks and variations thereof, or any other name, term, phrase, mark, design, device or symbol which so resembles or is similar to the BEST LAWYERS Marks so as to be likely to cause confusion, mistake or deception as to source, origin, sponsorship, approval, affiliation or the like;

    2. from further unlawfully trading upon and misappropriating the goodwill and reputation of Best Lawyers and competing unfairly with Best Lawyers;

    3. from inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts; and

    4. from making any false or misleading descriptions of fact or false or misleading representations of fact in its commercial advertising or promotion about the nature, characteristics, or qualities of its products or related commercial activities.

F. Order Washingtonian to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, or other materials in its possession, custody or control, and in the possession, custody or control of those in active concert or participation or otherwise in privity with it, which display or contain the BEST LAWYERS Marks, or variations thereof, or which constitute and/or bear any other device, representation or statement in violation of the injunction herein requested by Best Lawyers, and that Washingtonian be ordered to deliver up for destruction all means of making the same;

G. Order Washingtonian to file with the Court and serve on Best Lawyers, within thirty (30) days after service on it of such injunction (or such extended period as the Court may direct), a report in writing and under oath, setting forth in detail the manner and form in which Washingtonian has complied with the injunction;

H. In accordance with 15 U.S.C. § 1118, order Washingtonian to deliver to Best Lawyers, at Washingtonian's expense, for destruction or other disposition, all products, including, without limitation, all labels, packaging, signs, prints, advertisements, promotional, and other materials, incorporating, bearing, or displaying a trademark confusingly similar to the aforementioned trademarks of Best Lawyers or which otherwise violates 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), in the possession, custody, or control of Washingtonian, as well as any reproduction, counterfeit, copy, or colorable imitation thereof, and all other materials or means of making the same;

I. Order that Washingtonian account for and pay over to Best Lawyers all gains, profits, and advantages derived from its violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and the common law, and also pay to Best Lawyers the damages which Best Lawyers has sustained by reason of such violations, together with legal interest from the date of accrual thereof;

J. Order that Washingtonian be required to pay Best Lawyers' reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a);

K. Award interest, including pre-judgment interest on the foregoing sums;

L. Award Best Lawyers an amount of money to undertake corrective advertising;

M. Award Best Lawyers punitive damages based on Washingtonian's willful and intentional conduct; and

N. Grant Best Lawyers any other relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Best Lawyers demands a trial by jury on all issues present in this civil action.

Dated: March 30, 2022

Respectfully submitted,

HONIGMAN LLP

By: /s/ Gretchen P. Miller
Gretchen P. Miller (5501146)
gmiller@honigman.com
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
(202) 844-3372

Mary Alexander Hyde (to be admitted *pro hac vice*)
mhyde@honigman.com
155 N. Wacker Drive
Suite 3100
Chicago, IL 60606
(312) 701-9300

*Attorneys for Plaintiff*